## HUGHES *v.* THE STATE.

1. The refusal of a judge to require the witnesses in a criminal case to leave the court-room before the solicitor-general begins his opening statement to the jury will not be ground for reversing the judgment denying a new trial, unless it affirmatively appears that some injury to the accused has resulted from such refusal.
2. The evidence authorized the verdict, and no sufficient reason appears for reversing the judgment.

Submitted March 18,—Decided April 9, 1907.

Indictment for murder. Before Judge Martin. Montgomery superior court. January 17, 1907.

*John R. Cooper* and *William B. Kent,* for plaintiff in error.

*John C. Hart, attorney-general,* and *E. D. Graham, solicitor-general,* contra.

COBB, P. J. The accused was arraigned upon an indictment charging him with the offense of murder, and was convicted, and assigns error upon the refusal of the judge to grant him a new trial.

1. In one of the grounds of the motion for a new trial complaint is made that the court refused to require the witnesses to leave the court-room while the solicitor-general was making his opening statement to the jury. A party has the right to have the witnesses of the other party examined out of the hearing of each other. Penal Code, §1017. But we know of no law which requires the judge to send the witnesses from the court-room when counsel is opening his case. The judge has a discretion in reference to matters of this kind, and this discretion will not be controlled, unless it has been manifestly abused. No abuse of discretion appears in this case.

2. The motion for a new trial contains numerous grounds, some of them complaining of refusals of requests to charge, and others assigning error upon numerous extracts from the charge. The requests to charge, so far as legal and pertinent, were fully covered by the general charge. The extracts from the charge, upon which error is assigned, when read in connection with the entire charge, furnish no ground of complaint. The charge, as a whole, fairly and fully submitted to the jury the issues involved, and was adapted to the evidence in the case. The evidence authorized the verdict, and no sufficient reason has been shown for reversing the judgment.

*Judgment affirmed. Fish, C. J., absent. The other Justices concur.*